RODNEY LABRON SUMMERS,      )

                                   )      Case Nos. 1:25-cv-258; 1:22-cr-12

      *Petitioner*,           )

                                   )      Judge Travis R. McDonough

v.                        )

                                 )      Magistrate Judge Christopher H. Steger

UNITED STATES OF AMERICA,     )

                                 )

      *Respondent*.          )

## MEMORANDUM AND ORDER

Before the Court is a motion to vacate, set aside, or correct filed by Petitioner Rodney Labron Summers filed pursuant to 28 U.S.C. § 2255. (Doc. 1 in Case No. 1:25-cv-258; Doc. 51 in Case No. 1:22-cr-12.) Petitioner has also filed a motion to toll the deadline for filing his § 2255 motions. (Doc. 52 in Case No. 1:22-cr-12.) For the following reasons, the Court will **DENY** Petitioner's motions.

On January 25, 2022, a grand jury returned a one-count indictment charging Petitioner with possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1 in Case No. 1:22-cr-12.) Petitioner eventually pled guilty pursuant to a plea agreement filed under Federal Rule of Criminal Procedure 11(c)(1)(C). (*See* Doc. 28 in Case No. 1:22-cr-12.) In the plea agreement, which the Court accepted, Petitioner agreed to serve 72 months' incarceration, and he waived his right to file a direct appeal or a motion under § 2255, except to challenge the prosecutor's conduct or to assert that he received ineffective assistance of counsel. (*Id*.) Consistent with the terms of the plea agreement, the Court sentenced Petitioner to 72 months' incarceration, to be followed by three years of supervised release. (Doc. 47 in Case No. 1:22-cr-

12.)  On August 12, 2025, Petitioner filed the instant motion, arguing that his conviction is unconstitutional and his sentence should be vacated because the Second Amendment of the United States Constitution protects his ability to possess a firearm, even as a convicted felon. (Doc. 1 in Case No. 1:25-cv-258; Doc. 51 in Case No. 1:22-cr-12.)  Petitioner has also filed a motion requesting that the Court toll the statute of limitation applicable to § 2255 motions, representing that he did not have access to a law library, legal materials, and other law-library resources at his place of incarceration.  (Doc. 52 in Case No. 1:22-cr-12.)

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate:  "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)).  He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, § 2255(f) imposes a one-year statute of limitations on all petitions for collateral relief under § 2255 running from the latest of:  (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

In this case, Petitioner's motion is not timely, he has waived his right to appeal, and his arguments are procedurally defaulted. First, Petitioner failed to file his motion within one year of his judgment becoming final, which occurred on May 5, 2023, and he has not argued that his motion is timely under any of the other circumstances contemplated in § 2255(f).[1] To the extent he argues that the Court should toll the statutory time for him to file his § 2255 motion, that argument fails because, even if he was locked down at his facility between July 2024 and July 2025, his motion was due in May 2024, two months before his alleged lockdown occurred. Moreover, lack of access to the law library is not a basis for equitable tolling. *See United States v. Stone*, 68 F. App'x 563, 565–66 (6th Cir. 2003) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Second, Petitioner has waived his right to file a § 2255 motion challenging the constitutionality of his conviction and sentence. The Sixth Circuit has stated that "[i]t is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable." *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). Third, Petitioner has procedurally defaulted his arguments because he did not raise them on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (explaining that "claims not raised on direct appeal may not be raised on collateral review").

Accordingly, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:25-cv-258; Doc. 51 in Case No. 1:22-cr-12) and his motion to toll the deadline for filing his § 2255 motion (Doc. 52 in Case No. 1:22-cr-12) are **DENIED**. Should Petitioner give timely notice of an appeal from this

---

[1] To the extent Petitioner argues that his motion is timely under § 2255(f)(3), all of the Supreme Court cases Petitioner cites were decided more than a year before he filed his motion.

order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AN APPROPRIATE JUDGMENT WILL ENTER**.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**